IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01293-LTB

MIKEAL GLENN STINE,

Plaintiff,

v.

MR. JOHN OLIVER, Warden ADX,
MR. JULIAN, Associate Warden ADX,
MR. C. PORRO, Unit Manager ADX,
FEDERAL BUREAU OF PRISONS (Agency),
JOHN DOE, "UNKNOWN PERSONS," and
CLAY COOK, Supervising Attorney ADX,

Defendants.

---

ORDER

---

The matter before the Court is the "Motion to Reconsider Order Dismissing, ECF No. 5, that Plaintiff filed on July 1, 2015, and the Supplement, ECF No. 11, which he filed on July 8, 2015.   Plaintiff is in the custody of the Federal Bureau of Prisons (Bureau) and currently is incarcerated at ADX in Florence, Colorado.   The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On July 6, 2015, the Court ordered the Warden at the facility where Plaintiff is housed to respond and address Plaintiff's claims that he is being denied documents necessary to comply with the filing restrictions he is subject to pursuant to *Stine v. Lappin*, et al., No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). Plaintiff was instructed that he may reply to the Warden's Response if he desired.

1

Respondent filed a Response on July 27, 2015, and Plaintiff filed a Reply on August 11, 2015.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment filed within twenty-eight days after the judgment is entered is considered pursuant to Rule 59(e). The Motion to Reconsider, therefore, will be construed as filed pursuant to Rule 59(e) because it was filed well within twenty-eight days after the dismissal and judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

First, the Court notes that Respondent has attached to the Response a copy of *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 (D. Colo. Sept. 1, 2009), which contains Plaintiff's restrictions for filing a civil case in this Court. Plaintiff, therefore, now has a copy of the filing restrictions he must comply with when filing an action in this Court.

Second, based on the following, the Court finds that Plaintiff has failed to otherwise demonstrate that this Court has misapprehended the facts, a party's position, or the controlling law presented and reinstatement of this case is justified.

In the Petition, ECF No. 1, Plaintiff contends that "BOP/staff confiscated and distroyed [sic] all petitioner legal papers that are not active court cases."   Pet., ECF No. 1, at 1.   As a result, Plaintiff claims he does not have the documents he needs to comply with the filing restrictions stated in Case No. 07-cv-01839-WYD-KLM; and without these documents he is unable to file any civil complaint in this Court.   Plaintiff concludes that because prison staff has destroyed his documents he should be allowed to proceed with this action without complying with the filing restrictions in Case No. 07-cv-01839-WYD-KLM.   ECF No. 1 at 1-3.   The Court denied the Petition because Plaintiff did not state in the Petition that he asked for and was denied documents he needed to comply with his filing restrictions.

In the Motion, Plaintiff asserts that he attempted to obtain the needed items on March 18, 2015 and on May 10, 2015, but did not receive a response to either request. ECF No. 5 at 2.   He further asserts that on June 7, 2015, when he signed the petition for filing in this action, he still had not received a response from Mr. Cook in the legal department.   *Id.*   In the Supplement to the Motion to Reconsider, Plaintiff asserts that Mr. Porco told him Program Statement 5580.08A will be "strictly enforced so it will not be allowed because the documents necessary to obtain the information necessary to comply with filing restrictions is not (active or prospective cases)."   ECF 11 at 3.

In the Warden's Response to the Court's July 6, 2015 Order, Clay Cook, Senior Attorney Advisor at prison complex in Florence, Colorado, where Plaintiff is housed,

submitted a Declaration in which he attested that the Bureau did not instruct Plaintiff on which cases to retain and which to discard, and if he needs additional space in connection with current legal activity this space may be provided by his Unit Team on a temporary basis.   ECF No. 14-1 at 5.   Mr. Cook further attests that Plaintiff did not provide any information or evidence suggesting that he had requested extra space from the Unit Team, *id.*, or that there is any record the legal department received Plaintiff's March 18 and May 10, 2015 requests for the needed documents, *id.* at 3.

In his Reply to the Warden's Response, Plaintiff declares that he has used all of his allowed space (three cubic feet) for legal papers for books and documents he requires to assist his attorney in his current criminal case, *United States v. Stine*, No. 13-cr-00491-CMA (D. Colo. filed Dec. 3, 2013) (jury verdict August 11, 2015; pending sentencing on November 13, 2015).   Reply, ECF No. 16 at 2.   Plaintiff also contends he did not receive any responses to his requests until after the Court issued the Order on July 6, 2015, directing the Warden to respond to Plaintiff's Motion to Reconsider.   *Id.* at 2-3.

Now, after Mr. Cook has attested that Plaintiff did not provide to him any information or evidence suggesting that he had requested extra space, Plaintiff has attached an alleged request that he sent to Ms. Rangel, on June 2, 2014, asking for additional space to house the documents he needs to comply with his filing restrictions, ECF No. 16 at 25, but he fails to include any written response he received from Ms. Rangel that states the same.   Plaintiff, however, states in the Reply that the June 2 request was denied because he was told by Ms. Rangel on June 19, 2015, to destroy these documents and if they were found he would be disciplined.   ECF No. 16 at 3.

Finally, Plaintiff states that he had just "obtained Everything needed to comply with filing restriction on approximately May 28th 2014 after attempting to file "*Stine v. Berkebile* No. 14-cv-00269-LTB (D. Colo.), and because [he] was forced to throw Everything away [h]e could not meet the filing restriction in cases [he] attempted to file" after he had to discard the documents he needed to comply with his filing restrictions.   *Id.* at 4.

Even if the Court were to find that indeed Plaintiff was required to discard the needed documents and has been denied access to a copy of his filing restrictions and to a list of the previous cases that he requires to comply with his filing restrictions in this Court, the Petition to proceed still is properly denied for the following reasons.   In the Petition, Plaintiff declares that

> (1) I Mikeal Stine request to file the proposed Verified Complaint attached as Exhibit (3) never been filed before or disposed by any Court State or Federal to the best of my knowledge.   The claims are not frivolous or prepared in bad faith and are based and Grounded in facts and warranted by Existing law or in good faith arguments for Extension Modification or reversal of Existing laws.   The lawsuit is not sought for any improper purposes such as to harass or cause unnecessary litigations or costs to anyone.

ECF No. 1 at 7.   Plaintiff has raised Claim One previously in this Court.   Mr. Stine raised imminent danger based on his previous prison gang affiliation and previous attacks by members of prison gang members in *Stine v. Fed. Bureau of Prisons, et al.*, No. 10-cv-01652-ZLW, ECF No. 32 (D. Colo. Aug. 17, 2010).   The Court made extensive findings regarding Mr. Stine's safety in Case No. 10-cv-01652-ZLW and determined his situation did not merit imminent danger of serious physical injury status.   *See id.* Nothing in Claim One indicates a change in his status or raises new issues, except that he desires to be transferred to a state facility and possibly has been granted such a request,

which has not yet been processed.    Plaintiff's Affidavit, therefore, contains false

information, because Claim One has been raised before, and Plaintiff is in violation of his

filing restrictions.

Having found that the Court did not misapprehended the facts, a party's position,

or the controlling law, the Court will deny Plaintiff's Motion to Reconsider the denial of the

Petition and dismissal of this action without prejudice.    Nonetheless, the Clerk of the

Court will be directed to send to Plaintiff Pages Twenty-Seven through Fifty-Five of ECF

No. 3 in Case No. 14-cv-00269-LTB.

Also, for future reference, the Court notes as follows.    According to Mr. Clay's

Declaration (1) "it is [Plaintiff's] responsibility to retain legal property that may be needed

to pursue current or future litigation"; (2) the "[bureau] did not instruct [    ] Plaintiff on

which cases to retain and which to discard"; and (3) "a plaintiff who claims a need for

additional store space in connection with current legal activities, may be provided space

by his Unit Team on a temporary basis."    Furthermore, Respondent states that "Plaintiff

is not prohibited from keeping his filing restrictions contained in *Stine v. Lappin, et al.*, No.

07-cv-01839-WYD-KLM, ECF No. 344 (D. Colo. Sept. 1, 2009), nor is Plaintiff prohibited

from keeping a list of prior lawsuits, but there are space restrictions on the amount of

paper legal filings Plaintiff may maintain."    ECF No. 14 at 2.    Therefore, in accordance

with Respondent's declarations, Plaintiff is allowed to keep a copy of his filing restrictions

and a list of his prior lawsuits, but it is Plaintiff's responsible to prioritize his legal

documents to be kept in the space he has allocated for such documents.    Accordingly, it

is

ORDERED that the Motion to Reconsider Order Dismissing, ECF No. 5, is

construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.    It is

**FURTHERED ORDERED that the Clerk of the Court is to send to Plaintiff**

**Pages Twenty-Seven through Fifty-Five of ECF No. 3 in Case No. 14-cv-00269-LTB.**

DATED at Denver, Colorado, this   6th   day of    October    , 2015.

BY THE COURT:


_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court